## WILLIAM D. GRIFFITH *vs.* ELIZA GRIFFITH.

A. purchased land at a sale made by order of the Orphans' Court; went into possession; made his will devising the land to his son, and died before confirmation of the sale. On the return and confirmation of the sale, a deed was made directly to the son, by order of the Orphans' Court:—*Held* that the widow of A. was entitled to dower out of the land so purchased.

The heir is estopped to deny the widow's right.

SUSSEX, April term, 1848. This was an appeal from the Orphans' Court of this county, in a matter of the assignment of dower.

William Griffith, in his life time, viz: on the 30th of May, 1846, purchased the lot referred to in the pleadings as No. 7, at public sale, made by the administrator of William C. Williams, under an order of the Orphans' Court of Kent county; and having paid the purchase money, he entered into possession, though the court to

which the sale was returnable did not sit until the 28th of September, 1846; when the sale was returned and approved by the court. William Griffith died before the session of the court, to wit: on the 1st of July, 1846, having by a codicil to his last will duly executed on the 20th of June, 1846, devised the lot No. 7, with other lands, situate in Sussex county, to his son, William D. Griffith, in fee; to whom, as the devisee of No. 7, the administrator of William C. Williams, under an order of the Orphans' Court, by deed reciting the facts, conveyed the lot No. 7.

Eliza Griffith, the widow of William Griffith, petitioned for dower, and the commissioners in assessing dower, laid off her one-third part of the lands, &c., devised to William D. Griffith, altogether in a tract of seventy-five acres, situate in Sussex; but in estimating the same, they gave an equivalent for her dower in the lot No. 7, aforesaid.

The return was objected to, on the ground that the widow was not dowable of No. 7, because her husband had not died seized of it, and never had the legal title in him: and though it was insisted by Mr. Cullen that lands contracted for, though the purchase should not be completed until after the death of the purchaser would pass by his will, [6 *Cruise Dig.* 23, 30,] yet that nothing short of an actual *seizin* of the legal estate by the husband would entitle the wife to dower as against a creditor or devisee of the husband. [*Cruise Dig.* 182; *Dig. Del.* 167; 315; 9 *vol.* 488.]

*Mr. Layton* said the widow was entitled to the one-third of this estate, under the will of William Griffith, which devised to her so much of his estate as the law allows; or to her dower under the law; that dower was assignable in an equitable estate, [4 *Kent's Com.* 44; 2 *Harr. Rep.* 331-3; 3 *ib.* 283, Robinson *vs.* Harris' lessee;] and is always a favored claim. [3 *ib.* 428.]

That William Griffith was for this purpose seized of the legal estate, under the purchase of the administrator of Williams, the subsequent action of the Orphans' Court approving the sale, having relation to the time of purchase, and vesting the title from that time: [1 *Harr. Rep.* 464; 3 *ib.* 382, Miles *vs.* Wilson; *ib.* 391, Robinson *vs.* Robinson;] and that as William D. Griffith claimed under this purchase, and under the devise of William Griffith, he was estopped in law to deny the seizure of the testator, as against the petition of his widow for dower. [4 *Kent's Com.* 48; 2 *Johns. Rep.* 119; 6 *ib.* 290; 9 *ib.* 344.]

*Mr. Cullen* replied, that our acts of assembly had not changed the common law as to dower against any one but an heir-at-law in cases of intestacy; that the legal seizin of the husband was still necessary; that the devisee here did not claim under the seizin of the testator, but directly under the Orphans' Court deed, which passed the legal title from the heirs of William C. Williams to the devisee; nor did he claim through the same medium as the widow, whose claim was not under the will, but under the law.

*By the Court.*

HARRINGTON, *Justice.*—We cannot find any case where the widow has been endowed out of an purely equitable estate, except as against the heir-at-law, in cases of intestacy. The remark of Chancellor Ridgely, in *Robinson* vs. *Harris' lessee,* is not a decision, though the report of it is authentic, having been furnished me by the executor of that distinguished judge.

The case of dower in mortgaged premises stands on its own ground. The mortgage is regarded, before foreclosure, as merely a security; and the estate of the mortgagor though in form merely equitable, is substantially a legal estate. Yet it is not improbable, considering the fact that so much land is held in Sussex county under alienation bonds, that dower has often been assigned out of such estates; but such assignments may possibly be supported on the principle referred to in this argument, that the heir would not be permitted to dispute the seizin of his ancestor, from whom both claim.

And we think that principle very reasonable, extending even to the present case. The defendant claims the lot No. 7, by virtue of the devise from William Griffith, according to the title of William Griffith. For though the administrator's deed was made directly to him, and not to his father, this was by special order of the Orphans' Court, under the act of assembly; and conveyed no more than the title which William Griffith had at the time of his death. That title was a *legal* seizin by relation, according to the cases of *Miles* vs. *Wilson,* and *Robinson* vs. *Robinson.* The defendant claims wholly as devisee; merely as the party entitled under William Griffith's will, to the property devised, and we think he is, on the principle of the cases cited, estopped to deny the seizin of his father. If William Griffith had, in his life time, by deed, conveyed this lot to the defendant, it would be just like the cases cited from

the New York reports; the son claiming under the father's deed could not dispute the father's seizin. Can he then dispute it when claiming the same title under the father's will? We think not. And if he could, it would put it in the power of any husband holding but an equitable estate, to defeat the widow's dower by a will devising it to his heir-at-law.

On this ground we are of opinion that the decree of the Orphans' Court ought to be affirmed; but additionally, it does not fully appear by the record that any dower was in fact assigned to the appellee, out of, or on account of, the lot number seven.

Decree affirmed.

*Cullen,* for appellant.
*Layton,* for appellee.